UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| KYLE ANDREW EVERHART,<br><br>    Petitioner,<br><br>  v.<br><br>UNITED STATES OF AMERICA,<br><br>    Respondent. | CASE NO. C16-5405 BHS<br>     CR13-5512BHS<br><br>ORDER DENYING MOTION FOR DEFAULT AND REQUESTING ADDITIONAL BRIEFING |

This matter comes before the Court on Kyle Andrew Everhart's ("Petitioner") motion under 28 U.S.C. § 2255 (Dkt. 1), his motion for default (Dkt. 8), and his motion for leave to amend and appointment of counsel (Dkt. 11). The Court has considered the pleadings filed in support of and in opposition to the motions and the remainder of the file and hereby (1) denies the motion for default and (2) requests additional briefing on Petitioner's motion under 28 U.S.C. § 2255.

**I. PROCEDURAL HISTORY**

On September 24, 2014, a jury found Petitioner guilty of Possession of Methamphetamine with Intent to Distribute under 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A), and 18 U.S.C. § 2. Cause No. CR13-5512, Dkt. 120. On December 15, 2014, the Court

entered judgment in Petitioner's case. *Id.*, Dkt. 139. On December 17, 2014, Petitioner gave notice of appeal. *Id.*, Dkt. 140. On February 11, 2016, the Court of Appeals for the Ninth Circuit affirmed Petitioner's conviction. *Id.*, Dkts. 216, 218.

On May 26, 2016, Petitioner filed a petition under § 2255, presently before the Court. Dkt. 1. On May 31, 2016, the Court entered an order requiring the Government to answer. Dkt. 3. On June 14, 2016, the Government requested an extension to answer. Dkt. 5. The Court granted the Government's request, extending the response deadline to July 8, 2016. Dkt. 6. On July 8, 2016, the Government responded. Dkt. 7.

On July 18, 2016, Petitioner filed a motion for judgment, arguing the Government failed to timely respond. Dkt. 8. On July 20, 2016, the Government responded to that motion. Dkt. 9.

On August 1, 2016, Petitioner filed a reply to the Government's response to his § 2255 petition. Dkt. 10. On August 9, 2016, he moved for appointment of counsel and for leave to amend his petition. Dkt. 11. On August 16, 2016, the Government responded to Petitioner's motion for counsel and leave to amend. Dkt. 12

## II. DISCUSSION

**A.     Motion for Default**

Petitioner has filed a motion for default, claiming that the Government failed to timely respond to his petition. Dkt. 8. On June 14, 2016, the Government requested an extension to answer. Dkt. 5. The Court granted the Government's request, extending the response deadline to July 8, 2016. Dkt. 6. On July 8, 2016, the Government responded.

Dkt. 7. Because the Government responded within the extended deadline, the Court denies Petitioner's motion for default judgment.

**B.     Additional Briefing**

In his reply, Petitioner argues that he "informed Agent Brady repeatedly that [he] was only willing to only discuss the [Louisiana] murder and nothing else and [Agent Brady] assured [him] that was what the waiver was for." Dkt. 10 at 5 (emphasis added). This argument raises concerns regarding the validity of Petitioner's waiver of his Fifth Amendment rights and timely presentment before a magistrate judge under Federal Rule of Criminal Procedure 5 and the *McNabb-Mallory* rule.

Generally, "a suspect's awareness of all the possible subjects of questioning in advance of interrogation is not relevant to determining whether the suspect voluntarily, knowingly, and intelligently waived his Fifth Amendment privilege." *Colorado v. Spring*, 479 U.S. 564, 577 (1987). "However, the authorities must 'scrupulously honor' the suspect's right to cut off questioning." *United States v. Soliz*, 129 F.3d 499, 504 (9th Cir. 1997), *overruled on other grounds by United States v. Johnson*, 256 F.3d 895 (9th Cir. 2001) (quoting *United States v. Lopez–Diaz*, 630 F.2d 661, 664 (9th Cir.1980)). The Ninth Circuit has found that:

> [A] suspect may selectively waive his right to remain silent in one of two ways. He may either tell the police that he will not discuss certain subjects, or the suspect may . . . inform the police that he is willing to discuss only specific subjects. Both approaches effectuate *Miranda*'s requirement that a suspect in custody have the right to remain silent or, at his discretion, to limit questioning.

1  *United States v. Soliz*, 129 F.3d 499, 504 (9th Cir. 1997) (internal citations omitted). *See
2  also United States v. Ho*, 232 F.3d 897 (9th Cir. 2000); *United States v. Lopez-Diaz*, 630
3  F.2d 661, 664 (9th Cir. 1980); *United States v. Lorenzo*, 570 F.2d 294, 297–98 (9th Cir.
4  1978) ("It is also clear that a suspect may, if he chooses, selectively waive his Fifth
5  Amendment rights by indicating that he will respond to some questions, but not to
6  others."). *But see United States v. Farley*, 607 F.3d 1294, 1329–30 (11th Cir. 2010).

The Ninth Circuit has also recognized

> a critical distinction between . . . an inquiry for the limited purpose of clarifying whether the defendant is invoking his right to remain silent or has changed his mind regarding an earlier assertion of the right and, on the other hand, questioning aimed at eliciting incriminating statements concerning the very subject on which the defendant has invoked his right.

*United States v. Lopez-Diaz*, 630 F.2d 661, 665 (9th Cir. 1980).

Petitioner's argument implicates the Ninth Circuit's *Lopez-Diaz* and *Soliz* line of decisions. He has asserted that his waiver was selective and that Agent Brady's questions, which resulted in Petitioner's confession, violated Petitioner's right to limit the scope of his waiver. Factually, Petitioner's argument is somewhat strengthened by the Court's own observation that Petitioner "told [the officer transporting him to Pierce County Jail] that he wanted to talk about the homicide investigation in Louisiana." Dkt. 7-1 at 38.

The Court finds that the Government should be afforded an opportunity to respond to Petitioner's argument. Accordingly, the Court requests additional briefing on the following issues:

1. Did counsel move to suppress Petitioner's confession regarding ownership of the methamphetamine by arguing that Petitioner's Miranda and "Rule 5" waiver was selectively limited to questions stemming from the murder charge in Louisiana?

2. If "no" to Question 1, did counsel's failure constitute ineffective assistance of counsel in regard to Petitioner's rights under the Miranda exclusionary rule or the Mcnabb-Mallory rule?

### III. ORDER

It is hereby **ORDERED** that the Government may file a supplemental response no longer than 10 pages, no later than September 23, 2016; Petitioner may file a supplemental reply, no longer than 5 pages, no later than October 7, 2016; and Petitioner's motion under 28 U.S.C. § 2255 (Dkt. 1) and his motion for leave to amend and appointment of counsel (Dkt. 11) are hereby **RENOTED** for consideration on October 7, 2016. Petitioner's Motion for Default (Dkt. 8) is **DENIED**.

Dated this 13th day of September, 2016.

BENJAMIN H. SETTLE
United States District Judge