UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| KYLE ANDREW EVERHART,<br><br>Petitioner,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>Respondent. | CASE NO. C16-5405 BHS<br><br>ORDER DENYING RESPONDENT'S MOTION TO AMEND SCHEDULING ORDER AND DENYING WITHOUT PREJUDICE PETITIONER'S MOTION TO COMPEL |

This matter comes before the Court on the Government's motion to continue and/or bifurcate the evidentiary hearing. Dkt. 34. Also before the Court is Petitioner's motion to compel disclosure of a supplemental briefing that the Government filed under seal. Dkt. 36. The Court has considered the pleadings filed in support of and in opposition to the motions and the remainder of the file and hereby denies the motions for the reasons stated herein.

## I. BACKGROUND

On September 24, 2014, a jury found Petitioner guilty of Possession of Methamphetamine with Intent to Distribute under 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A), and 18 U.S.C. § 2. Cause No. CR13-5512, Dkt. 120. On December 15, 2014, the Court

entered judgment in Petitioner's case. *Id.*, Dkt. 139. On December 17, 2014, Petitioner gave notice of appeal. *Id.*, Dkt. 140. On February 11, 2016, the Court of Appeals for the Ninth Circuit affirmed Petitioner's conviction. *Id.*, Dkts. 216, 218.

On May 26, 2016, Petitioner filed a petition under § 2255, presently before the court. Dkt. 1. On July 8, 2016, the Government responded. Dkt. 7. On August 1, 2016, Petitioner replied to the government's response to his § 2255 petition. Dkt. 10. On August 9, 2016, he moved for appointment of counsel and for leave to amend his petition. Dkt. 11. On August 16, 2016, the Government responded to Petitioner's motion for counsel and leave to amend. Dkt. 12.

On September 13, 2016, the Court requested additional briefing on the issue of whether Petitioner had selectively waived his *Miranda* rights prior to being questioned about his involvement with suspected drug trafficking in Washington. Dkt. 13. On September 23, 2016, the Government filed supplemental briefing. Dkt. 14. On October 17, 2016, Petitioner filed his supplemental brief. Dkt. 17.

On November 1, 2016, the Court denied the § 2255 petition on most of its claims, but reserved ruling in part on the issue of "selective waiver." Dkt. 18. The Court also ordered an evidentiary hearing and granted Petitioner's motion for leave to amend and to appoint counsel. *Id.*

On April 5, 2017, the Government filed a motion to amend the scheduling order by either bifurcating the proceeding or continuing it entirely. Dkt. 34. Additionally, the Government filed under seal an ex-parte supplemental briefing in support of its motion that describes information that the Government believes may be subject to disclosure

under *Brady/Giglio* if the case proceeds as scheduled. Dkt. 35. On April 10, 2017, Petitioner moved to compel production of the Government's sealed supplemental briefing. Dkt. 36. Petitioner also responded in opposition to the Government's motion for a bifurcation, and stated that an assessment of the motion to continue was impossible without access to the justifications for seeking a continuance set forth in the Government's sealed pleading. Dkt. 37. On April 10, the Government responded in opposition to Petitioner's motion to compel. Dkt. 38.

## II. DISCUSSION

### A. Motion to Continue or Bifurcate

In this case, the Government seeks either a bifurcation or continuance of the evidentiary hearing on the basis that it possesses three pieces of information that may be of value to impeach the credibility of witnesses favorable to the Government, thus requiring *Brady/Giglio* disclosures, and that a bifurcation or continuance may obviate the need for disclosure. Under the Government's argument in favor of bifurcation, it claims that the disclosure of these materials could be rendered moot if the testimony of Petitioner and his trial counsel reveal that counsel's oversight of the "selective waiver" issue falls short of the ineffective assistance of counsel standard. Additionally, in support of its requests for either bifurcation or a continuance, the Government argues that the extended period before its witnesses are required to testify might allow an ongoing investigation to be resolved in a manner favorable to a potential witness, such that the resolution of the investigation obviates any need for a *Brady/Giglio* disclosure.

In *Brady v. Maryland*, 373 U.S. 83 (1963), the Supreme Court held that the suppression of material evidence violates due process and will necessitate a new trial. 373 U.S. at 87. "When the reliability of a given witness may well be determinative of guilt or innocence, nondisclosure of evidence affecting credibility falls within this general rule." *Giglio v. United States*, 405 U.S. 150, 154 (1972) (internal quotation omitted). *See also Ayala v. Chappell*, 829 F.3d 1081, 1106 (9th Cir. 2016) ("'Evidence favorable to [the] accused' includes evidence that would help a defendant impeach prosecution witnesses."). When the Government is unsure of the impeachment value of certain information, the Ninth Circuit has required that it submit the information for *in camera* review. *See United States v. Henthorne*, 931 F.2d 29, 30–31 (9th Cir. 1991). As for the timing of such disclosures, "*Brady* requires *pretrial* disclosure of exculpatory information in time for it to be a value to the accused." *United States v. Acosta*, 357 F. Supp. 2d 1228, 1245 (D. Nev. 2005) (emphasis in original).

To address the Government's request, the Court addresses the Government's duties under *Brady/Giglio* and whether the requested relief would be of convenience, avoid prejudice to a party, or expedite and economize in this case. *See* Fed. R. Civ. P. 42. In particular, the Court assesses (1) the *Brady/Giglio* information that has already been disclosed to Petitioner's counsel regarding Agent Brady, and (2) currently undisclosed information that may implicate the credibility of another potential witness.

1. **Agent Brady Materials**

First, the Government addresses information regarding an investigation of Agent Brady that was already disclosed in a *Giglio* letter sent to Petitioner's counsel. That letter

describes an investigation by the Office of the Inspector General ("DOJ-OIG") into missing evidence, namely a MacBook Air computer that was seized in Petitioner's case. In that letter, the Assistant United States Attorney in this case noted that "DOJ-OIG has credible evidence that former FBI TFO Evan Brady took a laptop computer that was seized as evidence in the Everhart/Chalmers investigation," and "[b]ased on DOJ-OIG's investigation to date, it appears that Mr. Brady gave the computer to a former colleague in exchange for clothing items and equipment." Dkt. 35-1 at 2.

Because this disclosure has already been made, the Court does not see how it is relevant to the Government's argument in favor of a bifurcation or continuance. The Government's argument for a continuance is based on the premise that, "[s]hould the Court move forward . . . as currently scheduled, the Government will have to determine the scope of its *Giglio* obligation . . . without the benefit of having all the information that may become available." Dkt. 35 at 6. Considering that the Government has apparently already decided that the scope of its *Giglio* obligations encompasses the DOJ-OIG investigation of Agent Brady, the Government's stated reason for requesting a bifurcation or continuance lacks a nexus with the cited evidence that can be used to impeach Agent Brady.

2.  **Other *Brady/Giglio* Materials**

The Government next discusses potential *Brady/Giglio* information that stems from a pending investigation. The Government has described the information and presented it to the Court under seal in support of its motion to bifurcate or continue the evidentiary hearing. Dkt. 35. However, despite describing to the Court the information

ORDER DENYING RESPONDENT'S MOTION
TO AMEND SCHEDULING ORDER AND
DENYING WITHOUT PREJUDICE
PETITIONER'S MOTION TO COMPEL - 5

that the Government may be required to disclose if the Court orders that the parties proceed as scheduled, the Government has not expressly requested that the Court assess whether the information requires a *Giglio* disclosure. *See Henthorne*, 931 F.2d at 30–31. Nonetheless, having received the information, the Court does not see how it can review the materials for the purpose of a requested continuance or bifurcation without simultaneously assessing whether the materials require a *Giglio* disclosure to Petitioner. As Petitioner has now objected to the filing of the information under seal and moved to compel disclosure, *see* Dkt. 36, the Court finds that determining whether *Giglio* requires the disclosure of the information filed under seal—a question that should generally be decided by the Government itself, *see United States v. Acosta*, 357 F. Supp. 2d 1228, 1245 (D. Nev. 2005)—is now unavoidable.

      Having reviewed the information described by the Government, the Court concludes that the Government must provide further *Brady/Giglio* disclosures as to the witness identified in the Government's motion. The information presented by the Government weighs directly on the credibility of a Government witness that will very likely be required to testify. If neither Agent Brady nor the other potential witness identified in the Government's sealed motion testify, it may be difficult for the Government to adequately oppose Petitioner's factual contentions regarding the scope of his "Rule 5" and *Miranda* waiver. Moreover, by requesting that the Court bifurcate or continue the evidentiary hearing, the Government has tacitly acknowledged that it already intends to offer testimony for the witness identified in its sealed briefing, despite its desire to avoid doing so. Accordingly, the information described by the Government is

undeniably evidence that would impeach an important government witness, "and evidence that would impeach a central prosecution witness is indisputably favorable to the accused." *United States v. Price*, 566 F.3d 900, 907 (9th Cir. 2009).

Because the information at issue weighs directly on the credibility of a key Government witness, and testimony by that witness is practically unavoidable, a *Brady/Giglio* disclosure is required. *See United States v. Blanco*, 392 F.3d 382, 387 (9th Cir. 2004) ("*Brady/Giglio* information includes material that bears on the credibility of a significant witness in the case.") (internal quotation omitted). Although the information described by the Government in its sealed briefing deals with an ongoing investigation, it is still impeachment evidence that the Government must disclose. *See United States v. Olsen*, 704 F.3d 1172, 1182 (9th Cir. 2013) (The Ninth Circuit "repeatedly has held materials from ongoing investigations to be favorable under *Brady*."). The fact that the investigation is ongoing can be taken into consideration by the trier of fact, in this case the Court, when weighing the impeachment value of the evidence.

The Government is correct that it could potentially prevail by relying exclusively on the testimony of Petitioner and his trial counsel. However, this does not mean that bifurcating the evidentiary hearing will allow the Government avoid its *Brady/Giglio* obligations. While not yet addressed by the Ninth Circuit, other courts "have held that *Brady/Giglio* applies to testifying and non-testifying witnesses." *United States v. Alcazar-Barajas*, 513CR00726EJD1HRL, 2017 WL 550238, at *2 (N.D. Cal. Feb. 10, 2017). *See also United States v. Rodriguez*, 482 Fed. Appx. 231, 236 (9th Cir. 2012) ("There is persuasive authority for the proposition that *Brady* and related obligations extend to non-

testifying witnesses.") (citing *United States v. Jackson*, 345 F.3d 59, 70 (2d Cir. 2003); *United States v. Flores*, No. CR 08–0730 WHA, 2011 WL 1100137, at *1 (N.D. Cal. Mar. 24, 2011)). The Court notes that the record already contains testimony by the Government's witness that pertains directly to the factual circumstances surrounding Petitioner's "Rule 5" and *Miranda* waiver. Therefore, it appears that the presence of this witness' testimony already on the record necessitates a *Brady/Giglio* disclosure of any impeachment evidence, regardless of whether the Government calls the witness to testify during the evidentiary hearing.

Additionally, in this particular case, the likelihood that Petitioner's counsel was adequately placed on notice of the potential "selective waiver" concerns is inextricably tied to the factual question surrounding the actual scope of Petitioner's "Rule 5" and *Miranda* waiver. The veracity of Petitioner's claims that he was *repeatedly* assured that his interview would address only a Louisiana murder investigation and not the Washington drug investigation (*see* Dkt. 10 at 5, Dkt. 17 at 4) directly affects the likelihood that the issue was brought to the attention of Petitioner's trial counsel. In other words, if Petitioner indeed established repeatedly that his waiver was "selective" at the time of his interview with law enforcement, as he contends, it becomes difficult to believe that Petitioner would subsequently fail to raise this issue to his counsel. Because the factual questions regarding the scope of Petitioner's waiver and the effectiveness of his counsel are so interwoven, the credibility of both Petitioner and his trial Counsel depends in large part on the evidence that the parties present on the actual scope of Petitioner's waiver. Accordingly, the motion to bifurcate is denied.

1    The Government also argues that, because the information at issue is part of a

2    pending investigation, a continuance could possibly allow the matter to be resolved in a

3    manner favorable to the Government's potential witness, thereby obviating any need for a

4    *Brady/Giglio* disclosure. However, as stated earlier, the Ninth Circuit "repeatedly has

5    held materials from ongoing investigations to be favorable under *Brady*." *United States v.*

6    *Olsen*, 704 F.3d 1172, 1182 (9th Cir. 2013). Moreover, practical concerns also militate

7    against the Government's request for a continuance. The Government has failed to

8    provide any details on the likelihood that the investigation will be quickly resolved in

9    favor of the Government witness or how long of a continuance might be necessary to

10   allow the investigation to be completed. Instead, the Government is seeking any

11   extension with the hope that a pending investigation may yield information that would

12   justify a decision that the information it presently possesses is not *Brady/Giglio* material.

13   The Court declines to continue this matter based on such a speculative basis.

14        The Court also notes that the Government's argument that a favorable resolution

15   of the investigation may remove the need for disclosure actually cuts against its stated

16   justification for requesting a continuance. The Government argues that premature

17   disclosure could irreparably harm the reputation of the witness identified in its motion.

18   Dkt. 35 at 6. However, if a favorable resolution would sufficiently remove the need for

19   disclosure in this case, the Court does not see how it would not also remove the need for

20   disclosure in any future cases. The greatest concern that the Government raises is that

21   premature disclosure could affect the integrity of the ongoing investigation. Dkt. 35 at 6.

22   Nonetheless, the Court finds that this is insufficient reason to justify a continuance when

the possible benefit of the continuance is so speculative and the time required for the benefit to accrue is indeterminate.

**B.     Motion to Compel**

Finally, the Court notes that, despite its determination that a *Brady/Giglio* disclosure will be immediately necessary, as the evidentiary hearing is set for April 17, 2017, the Court declines to compel the unsealing of the Government's supplemental briefing at this time. To be clear, the Court orders that the Government immediately provide Petitioner with the *Brady/Giglio* information discussed in the Government's supplemental briefing. However, to do so by unsealing the filings presently before the Court may deprive the Government of an opportunity to weigh countervailing interests that may lead it to pursue a course of action that has not been presented to the Court, such as conceding any factual disputes on the scope of Petitioner's waiver. Therefore, while the Court orders that the Government immediately disclose to Petitioner the information that is the subject of its supplemental briefing, the Court denies without prejudice Petitioner's motion to compel disclosure to the extent that it would require an unsealing of the Government's supplemental briefing.

//

//

//

//

//

//

## III. ORDER

Therefore, it is hereby **ORDERED** that the Government's motion to bifurcate or continue (Dkt. 34) is **DENIED** and Petitioner's motion to compel (Dkt. 36) is **DENIED without prejudice**. The Government shall immediately disclose to Petitioner the *Brady/Giglio* information discussed in its sealed supplemental briefing.

Dated this 12th day of April, 2017.

BENJAMIN H. SETTLE
United States District Judge